UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLIED POWER MANAGEMENT, LLC          CIVIL ACTION

VERSUS
                                       NO. 17-475-JWD-RLB
THE SHAW GROUP, INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 9, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLIED POWER MANAGEMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | |
| **THE SHAW GROUP, INC., ET AL.** | **NO. 17-475-JWD-RLB** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 3) filed by Plaintiff, Allied Power Management, LLC ("Allied"). The motion is opposed by Defendant, APTIM Corp. (R. Doc. 16). Defendants, CB&I, LLC and The Shaw Group, joined in the Opposition of Defendant APTIM. (R. Doc. 13). Allied filed a Reply Memorandum on August 31, 2017. (R. Doc. 20). APTIM filed a Supplemental Memorandum (R. Doc. 25) on October 3, 2017. The matter is, therefore, fully briefed. For the following reasons, the undersigned recommends the Motion to Remand (R. Doc. 3) be **DENIED**.

**I.    Background**

Allied filed suit on July 18, 2017 in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (R. Doc. 1-3, the "Petition"), naming the Shaw Group, Inc. ("Shaw"), CB&I, LLC ("CB&I"), and APTIM Corp. ("APTIM"), and seeking a declaratory judgment regarding certain allegations made in a cease and desist letter it received. Allied alleges that CB&I sent it a cease and desist letter on June 19, 2017 regarding certain business operations of Allied. (Petition, ¶ 9). Allied further alleges that CB&I and Shaw assigned all of its claim against Allied to APTIM. (Petition, ¶ 26). APTIM filed its Notice of Removal (R. Doc. 1) on July 24, 2017, alleging federal jurisdiction pursuant to 28 U.S.C. § 1331, the federal question provision. CB&I and Shaw filed a Notice of Consent to Removal on August 4, 2017. (R. Doc. 5).

There are also two other lawsuits pending relevant to the discussion herein. The first, filed on June 15, 2017, is a suit titled *The Shaw Group v. Dorsey Ron McCall*, Case No. 658,781 Division D, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, wherein Shaw seeks to obtain preliminary injunctive relief pursuant to an alleged non-compete agreement with Mr. McCall, Allied's Chief Executive Officer. (R. Doc. 3-1 at 3; R. Doc. 25 at 1). Allied intervened in that suit on June 19, 2017. APTIM notes that the suit has now been stayed pending resolution of matters referred to arbitration by the United States District Court, Eastern District of Louisiana. (R. Doc. 25 at 2).

The second suit, filed on July 17, 2017, is titled *APTIM Corp. v. Allied Power Management, LLC et al.*, No. 17-5269-CRN-MDW, United States District Court, Northern District of Illinois. There APTIM seeks redress for allegations of misappropriation of confidential information. (R. Doc. 16 at 4).

Chronologically, this instant suit is the third to be initiated, having been filed on July 18, 2017.

## II. Arguments of the Parties

In its Notice of Removal, APTIM suggests that federal question jurisdiction is appropriate over this instant action because the claims made by Allied "necessarily implicate federal law." (R. Doc. 1 at ¶ 3). APTIM notes that it sued Allied in federal court in the Northern District of Illinois, Eastern Division a day prior to Allied's state court suit, alleging violations of the Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1830, *et seq*. (R. Doc. 1 at ¶ 1). APTIM argues that this action cannot be resolved without interpreting the DTSA and the CFAA. (R. Doc. 1 ¶ 4).

In its Motion to Remand, Allied argues that APTIM has not met its burden of establishing subject matter jurisdiction, noting that Allied did not cite any federal law in its lawsuit. (R. Doc. 3-1 at 1). Allied suggests that Louisiana state statutes "afford the same or similar relief to that afforded by the DTSA and the CFAA." (R. Doc. 3-1 at 9). Allied also suggests that, because APTIM filed a motion to dismiss requesting the Court exercise its discretion to decline to hear the declaratory claims, that discretion to dismiss should apply equally to remand. (R. Doc. 3-1 at 11). Lastly, Allied argues that neither the DTSA nor the CFAA provide for complete preemption of state law claims such that this Court does not have subject matter jurisdiction. (R. Doc. 3-1 at 11-14).

In response, APTIM argues that it brought a "coercive action to enforce its rights" by filing the suit in the Northern District of Illinois such that it is the allegations in the Illinois suit that should determine whether there is a federal question. (R. Doc. 16 at 6). APTIM suggests that Allied improperly "rushed to a courthouse to file a declaratory judgment action" in a race for res judicata. (R. Doc. 16 at 9).

Allied filed a Reply arguing that APTIMs' reliance on the characterization of the claims in the Illinois suit do not control the inquiry. (R. Doc. 20 at 3). Allied further re-iterates its original position that APTIM has not met its burden of proving the existence of federal subject matter jurisdiction, and its claims do not raise a substantial, disputed federal issue. (R. Doc. 20 at 3).

APTIM filed supplemental briefing providing further information regarding another suit initially brought in state court (for a total of three), which APTIM now submits is subject to arbitration as a result of a ruling by the United States District Court, Eastern District of Louisiana. (R. Doc. 25 at 2). Based on the referral to arbitration and stay of that state court

proceeding pending arbitration, APTIM argues that Allied's suggestion that this instant matter should remain in state court due to the pending action between Shaw and McCall is without merit. (R. Doc. 25 at 3).

## III. Law and Analysis

### A. Legal Standard

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. This Court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008). Where, however, the plaintiff brings an action for declaratory judgment, federal question jurisdiction is determined from the

4

face of the well-pleaded complaint in the coercive action the declaratory judgment defendant could have brought. *M2Tech., Inc. v. M2 Software, Inc.*, 589 Fed. App'x 671, 676 (5th Cir. 2014) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008).

**B.     Analysis**

Plaintiff has brought an action for declaratory judgment in state court. Plaintiff's action seeks a declarations that it (1) did not unlawfully interfere with CB&I's business operations; (2) did not unlawfully interfere with the Exelon Agreement; (3) did not unlawfully interfere with the Veritas Agreement; (4) did not unlawfully solicit CB&I employees who were providing services to Exelon; (5) did not engage in unfair competition and deceptive trade practice; (6) did not misappropriate CB&I's confidential business information and/or trade secrets; and (7) is not prohibited from servicing the business of Exelon and otherwise engaging in business competition with Shaw, CB&I, and APTIM. (R. Doc. 1-3 at 8). At the same time, Plaintiff is a defendant in an action brought by APTIM in federal court in the Northern District of Illinois wherein APTIM seeks relief against Allied for (1) alleged violations of the Defendant Trade Secrets Act; (2) alleged violations of the Computer Fraud and Abuse Act; (3) aiding and abetting a breach of fiduciary duty; (4) tortious interference with business relations; (5) tortious interference with contract; and (6) civil conspiracy. (R. Doc. 1-2).

While the general rule is that subject matter jurisdiction premised on federal question is based on the plaintiff's "well-pleaded" complaint, the inquiry is reversed when a court is tasked with a determination of whether it has subject matter jurisdiction over an action for declaratory relief. That is to say, the subject matter jurisdiction inquiry on an action for declaratory relief is whether the declaratory defendant's threatened or impending litigation would necessarily raise a federal question such that the federal courts would have original subject matter jurisdiction. *See*

*Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 19 (1983) ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.").

The question that arises here, then, is whether APTIM's claims "necessarily" present a federal question. The responses is simple in situations where federal law provides the exclusive jurisdiction or completely preempts state law claims, such as patent litigation and certain ERISA cases, respectively.[1] Here, however, neither the Defense of Trade Secrets Act nor the Computer Fraud and Abuse Act preempt state law.[2] In *M2Tech., Inc. v. M2 Software, Inc.*, 589 Fed. App'x 671, 676 (5th Cir. 2014) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008)), the Fifth Circuit stated that federal question jurisdiction is determined by "the face of the well-pleaded complaint in the coercive action the declaratory-judgment defendant *could have brought*." (Emphasis added). *See also Jacuzzi v. Pimienta*, 762 F.3d 419, 420 (5th Cir. 2014) (per curiam) ("It is true, as the Jacuzzis acknowledge, that a plaintiff cannot bring a declaratory judgment action that merely raises federal issues that would be defenses to an underlying state cause of action; that would subvert the well-pleaded complaint rule.").

The Court herein need not speculate as to the claims APTIM "could have brought" because APTIM has already brought an action against Allied in federal court – necessitating only

---

[1] 28 U.S.C. § 1338(a) gives federal courts exclusive jurisdiction over "any civil action arising under any Act of Congress relating to patents," while 29 U.S.C. § 1144(a) provides that, with certain exceptions, the ERISA provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…"

[2] 18 U.S.C. § 1838, a provision of the DTSA, states that, with a single exception not relevant here, the DTSA "shall not be construed to preempt or displace any other remedies, whether civil or criminal, provided by United States Federal, State, commonwealth, possession, or territory law for the misappropriation of a trade secret," while no provision of the CFAA contains preemptive language nor has any case held the CFAA to create exclusive federal jurisdiction.

a review and analysis of those claims. APTIM could have brought an action under state law, or it could have brought an action under federal law, or both. Based on a review of APTIM's federal complaint and that docket, APTIM brought both federal and state law claims, and the Northern District of Illinois has satisfied itself that federal question jurisdiction is proper, along with supplemental jurisdiction over the state law claims. *See* Order, *APTIM Corp. v. Allied Power Management, LLC et al.*, No. 17-5269-CRN-MDW (N.D. Ill. Aug. 30, 2017), ECF No. 65. APTIM brought claims against Allied and others under the DTSA and CFAA, and also brought state law claims. Not only could APTIM have brought claims under federal law, it did, in fact, bring claims under federal law, and that court has already found the exercise of federal question jurisdiction to be proper.

The principles espoused by the Sixth Circuit in *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004), are also particularly relevant. There, the appellate court state the following:

> Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum. Allowing declaratory actions in these situations can deter settlement negotiations and encourage races to the courthouse, as potential plaintiffs must file before approaching defendants for settlement negotiations, under pain of a declaratory suit. This also dovetails with the previous factor: where a putative defendant files a declaratory action whose only purpose is to defeat liability in a subsequent coercive suit, no real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff her choice of forum—a guarantee that cannot be given consonant with the policy underlying the Declaratory Judgment Act.

*AmSouth Bank*, 386 F.3d at 788. Those principles similarly guide the Court's decision herein. Further, the finding of subject matter jurisdiction in this instant matter substantially furthers these principles because here, unlike *AmSouth*, the coercive suit was filed *before* the declaratory action and, based on a review of Allied's requested declaratory relief in conjunction with APTIM's

affirmative claims, Allied's declaratory judgment action seeks to defeat liability as to APTIM's affirmative claims.³

The case of *NSI Int'l, Inc. v. Mustafa*, 2009 WL 2601299, at *3 (E.D.N.Y. Aug. 20, 2009), is also instructive. There, the declaratory plaintiff sought a declaration that its termination of the declaratory defendant "was not based on unlawful discrimination." *NSI Int'l*, 2009 WL 2601299 at *3. The court noted that the declaratory relief sought there was "essentially a defense to the potential claims for age-based employment discrimination threatened by Mustafa, who submits that such claims arise, at least in part, under the ADA." *NSI Int'l*, 2009 WL 2601299 at *3. Based on this finding, the court held that the declaratory defendant's "federal cause of action is the 'adverse action the declaratory judgment plaintiff apprehends'… and federal question jurisdiction attaches." *NSI Int'l*, 2009 WL 2601299 at *5. The same is true here. Where APTIM's federal complaint essentially alleges that, based on certain allegations, if true, Allied violated the law, Allied's request for declaratory judgment seeks a declaration that it did not violate the law based on the same alleged facts. Allied's "did not" to APTIM's "did so" is a textbook example of declaratory relief sought to defeat liability under affirmative claims.

Accordingly, based on the propriety of federal question jurisdiction over the claims brought by APTIM in its affirmative federal suit, federal question jurisdiction similarly attaches to Allied's request for declaratory judgment herein. Given the Court's conclusion, Plaintiff's requests for attorney's fees and costs should also be denied.

---

³ For example, the state court petition "seeks a declaratory judgment" that, among other things, "Allied did not misappropriate CB&I's confidential business information and/or trade secrets." (R. Doc. 1-3 at 8).

8

## IV. Conclusion

Accordingly,

**IT IS THE RECOMMENDATION** of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 3) be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 9, 2017.

        **RICHARD L. BOURGEOIS, JR.**
        **UNITED STATES MAGISTRATE JUDGE**